## A93A2015. FRICKS v. THE STATE.
### (436 SE2d 752)

JOHNSON, Judge.

A jury found Ray E. Fricks, Jr., guilty of felony obstruction of an officer and public drunkenness. He appeals only from his conviction of obstruction of an officer.

1. Fricks contends that the trial court erred in denying his motion for a directed verdict of acquittal on the felony obstruction of an officer charge because the State's evidence was insufficient to establish that Fricks had done violence or had offered to do violence to Officer Gilstrap, the arresting officer. An eyewitness to the incident testified that he saw Fricks push Gilstrap against a fence and then kick the officer to the ground. Gilstrap testified that as he was leading the handcuffed Fricks to the police car, Fricks knocked him with his right shoulder, pushed him into a wall and then kicked him.

"A directed verdict of acquittal should be granted where 'there is no conflict in the evidence and the evidence introduced with all reasonable deductions and inferences therefrom shall demand a verdict

of acquittal. . . .' OCGA § 17-9-1." *Reed v. State*, 205 Ga. App. 209, 211-212 (4) (422 SE2d 15) (1992). The evidence in the case demands no such result. Fricks has cited no authority in support of his novel position that the elements of felony obstruction of an officer were not satisfied because no evidence was presented by the State that Gilstrap was injured. This is not an element of the offense. "Whoever knowingly and willfully resists, obstructs, or opposes any law enforcement officer . . . in the lawful discharge of his official duties by *offering or doing violence* to the person of such officer . . . is guilty of a felony." (Emphasis supplied.) OCGA § 16-10-24 (b). See generally *Williams v. State*, 196 Ga. App. 154, 155-156 (1) (395 SE2d 399) (1990). In light of the testimony of two witnesses that Fricks shoved and kicked Gilstrap, it is clear that the trial court correctly denied Fricks' motion for a directed verdict on the obstruction count.

2. The trial court did not err in refusing to charge the jury on the lesser included offense of misdemeanor obstruction of an officer. Fricks concedes that no written request was submitted to the court, but argues that a verbal request was made at the charge conference. "Omitting a charge on a lesser included offense is not error absent a written request. [Cits.]" *Henderson v. State*, 203 Ga. App. 733, 734 (1) (417 SE2d 413) (1992). Moreover, in Division 1, we held that the elements of felony obstruction of an officer had been presented during the State's case. Where the evidence shows completion of the greater offense, it is not necessary for the court to charge on a lesser included offense. *Widner v. State*, 203 Ga. App. 823, 825 (4) (418 SE2d 105) (1992).

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED OCTOBER 14, 1993.

*James C. Wyatt,* for appellant.
*Stephen F. Lanier, District Attorney, C. Stephen Cox, Assistant District Attorney,* for appellee.