## A94A0805. JACKSON v. THE STATE.
(444 SE2d 875)

POPE, Chief Judge.

Defendant Michael M. Jackson appeals from his conviction for felony obstruction of a law enforcement officer, OCGA § 16-10-24 (b), on the ground the evidence was insufficient to support his conviction. Specifically, he argues the State failed to prove he committed the offense of obstruction in the manner alleged in the indictment.

While on patrol on October 24, 1992, Deputy Stan Hartline of the Dade County Sheriff's Office observed defendant's brother, Mark, whom he knew had no valid driver's license, driving a pickup truck that bore no license tag. The truck pulled into a residential driveway and the deputy pulled his patrol car in behind it. As the deputy questioned Mark about the violations, he asked Mark to remove his hands from his pockets. Mark refused and fled into the woods behind the house. Several people then emerged from the house and began shouting at the deputy, who called for backup. Mark reappeared and began shouting obscenities at Deputy Greg Latta, who had responded to the call for assistance. As Deputy Hartline advised Mark he was under arrest, Mark began to struggle and had to be subdued by both deputies and the sheriff who had also responded to the call. Deputy Hartline testified that around this same time, defendant stood in the back of a truck with a tire iron raised over his head and threatened to kill him and the other officers if they did not leave his brother alone. Defendant, who was only a few feet away from Deputy Hartline and the sheriff, cursed at the officers and repeated this threat several times. At this point, Deputy Hartline drew his revolver and advised defendant to drop his weapon. After being advised three times to drop the weapon, defendant did so. The other officers present corroborated Deputy Hartline's testimony. Defendant testified that he simply beat the back of the truck with the tire iron and did not fight with any of the officers.

A person commits the offense of felony obstruction of a law enforcement officer when he "knowingly and willfully resists, obstructs,

or opposes any law enforcement officer . . . in the lawful discharge of his official duties by offering or doing violence to the person of such officer. . . ." OCGA § 16-10-24 (b). The indictment charged defendant with knowingly and wilfully obstructing Deputy Stan Hartline in the lawful discharge of his duties by "using loud and profane language and by fighting said officer." The State must prove the offense of obstruction was committed in the manner alleged in the indictment. *Evans v. State*, 138 Ga. App. 620 (1) (227 SE2d 448) (1976). Defendant argues the State failed to do this because there is no evidence he physically fought with Deputy Hartline. We disagree.

The word "fight" as a noun has been defined not only as a physical struggle, but also as "[a] verbal disagreement." Webster's New Intl. Dictionary, 2d ed., Unabridged. The definition of "fight" or "fighting" as a verb includes "[t]o act in opposition to anything; to struggle; contend; strive; clash." Id. Verbal threats of force or violence can obstruct an officer and authorize a felony conviction under OCGA § 16-10-24 (b). *Duke v. State*, 205 Ga. App. 689, 690 (423 SE2d 427) (1992). Communications that reasonably can be interpreted as threats of violence can constitute opposition to an officer's authority sufficient to support a conviction for obstruction. *Cason v. State*, 197 Ga. App. 308 (398 SE2d 292) (1990).

As related above, all of the officers present testified that defendant, who was only a few feet from Deputy Hartline and the sheriff, raised a tire iron above his head and threatened to kill the officers if they did not leave his brother alone. Defendant repeated this threat several times and initially refused to drop the tire iron. At the very least, this evidence established that defendant had a verbal disagreement with Deputy Hartline over the arrest of his brother and that he acted in opposition to Deputy Hartline's authority, thereby interfering with the performance of the deputy's duties in arresting defendant's brother. That the indictment used the word "fighting" did not require the State to prove defendant physically fought with the officer; it was enough to show defendant verbally threatened him and acted in opposition to his authority by wielding the tire iron. Accordingly, we find the evidence was sufficient to allow a rational trier of fact to find defendant guilty beyond a reasonable doubt of felony obstruction of a law enforcement officer as charged in the indictment. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

DECIDED JUNE 9, 1994.

*Charles G. Wright, Jr.*, for appellant.
*Ralph L. Van Pelt, Jr., District Attorney, Melodie S. Bedford,*

*Assistant District Attorney*, for appellee.