A95A1228. AUSTIN v. THE STATE.
(460 SE2d 310)

BIRDSONG, Presiding Judge.

Following a trial by jury, Donald Austin was convicted of one count of simple battery, in violation of OCGA § 16-5-23.

The victim, Mr. Lambros, was an acquaintance of the appellant. Appellant Austin and Lambros each owned and operated appliance stores. If either was low in inventory, he would customarily acquire stock from the other at wholesale cost. On one occasion appellant ac-

quired from Lambros three stoves, valued at approximately $899. One of appellant's employees delivered a blank check to Lambros to be used in paying for the stoves. Lambros filled in the check for $8,726 rather than $899. Austin became aware of what had happened when he noticed his checks were not clearing the bank. He confronted Lambros, who said: "I got the money and you've got to do something legal to get it." At that point appellant struck Lambros. *Held*:

1. In his second enumeration appellant asserts the trial court erroneously failed to charge the jury that the State had the burden to prove the absence of the elements of his justification defense.

It was held in *Nelson v. State*, 213 Ga. App. 641, 643 (3) (445 SE2d 543): "The court's charge informed the jury about the presumption of defendant's innocence, the State's burden to prove every material allegation of the indictment and every element of the crime charged beyond a reasonable doubt, and that the burden never shifted to the defendant to prove his innocence. [Cit.] 'Nowhere in the charge was the jury informed that when the affirmative defense of justification is raised by a defendant, the state has the burden of proving the absence of the elements of that affirmative defense.'" Nelson's conviction was reversed. In this case the trial court similarly failed to inform the jury.

2. Appellant contends the trial court did not properly charge the jury that the State has the burden to disprove an affirmative defense beyond a reasonable doubt. The trial court gave the following instruction to the jury: "Once the issue of an affirmative defense has been raised, the burden of proof is on the State to disprove it *to the extent required by law*." (Emphasis supplied.) More accurately, "[w]here a defendant raises an affirmative defense [of justification] and testifies to the same, the burden is on the State to disprove the defense beyond a reasonable doubt." *State v. Royal*, 247 Ga. 309, 310 (1) (275 SE2d 646).

After reviewing the court's charge we conclude the trial court misinformed the jury as to the correct burden of proof required for defendant's affirmative defense. A charge that merely informs a jury that the State has the burden of proof to the extent required by law is meaningless to the jury in the absence of a further charge defining what the law requires; and all charging errors are presumed to be harmful unless the record shows the error to be harmless. *Foskey v. Foskey*, 257 Ga. 736, 737 (2) (363 SE2d 547). We cannot say after review of the record that the error was harmless in the facts of this case.

Therefore, Austin's conviction must be reversed based on the errors committed in Divisions 1 and 2. In view of this disposition we need not address appellant's other enumerations of error.

*Judgment reversed. Johnson and Smith, JJ., concur.*

DECIDED JULY 25, 1995.

*William O. Cox,* for appellant.
*Spencer Lawton, Jr., District Attorney, Ian R. Heap, Jr., Assistant District Attorney,* for appellee.