## A97A0070. PEARSON v. THE STATE.
(480 SE2d 911)

ELDRIDGE, Judge.

On May 1, 1994, James Pearson, appellant, went to the apartment of Tina Wilson, with whom he had lived off and on for three and one-half years but was not living with on this date. Appellant was drunk when he came to the apartment and began tearing up the furniture; he broke the coffee table, destroyed the telephones so that she could not call for help, and chased Wilson into the bedroom with a chair leg. Then appellant passed out in the bedroom. Wilson could not call for help, because appellant had destroyed the telephones; Wilson sent her son next door to call the police for help, which he did.

Officer Meadows responded to the complaint. Wilson told Meadows that she wanted appellant removed from her apartment. Officer Meadows could not rouse appellant, either by shaking him or shining a flashlight in appellant's eyes. Finally, the officer roused appellant, after nearly 15 minutes of effort, by kicking appellant's shoe. The officer ordered appellant to leave the premises, so that they could talk outside, and thereby get appellant out of the apartment. Appellant did not want to leave and began to curse the officer. Officer Meadows took appellant by the arm to lead him out of the apartment, since he would not go voluntarily. Appellant bumped the officer in the face with his chest and backed the officer into the wall. Meadows warned appellant not to touch him again or the officer would arrest appellant; appellant grabbed the officer by the head and attempted to push the officer out the door. Officer Meadows struggled with appellant several minutes before he could put appellant on the floor and handcuff him. It took the help of two neighbors, as well as the officer, to subdue appellant. Officer Meadows had not intended to arrest appellant, just to remove him from the apartment, until appellant committed an assault and battery upon the officer. Officer Meadows arrested appellant for simple battery.

On April 17 and 18, 1996, appellant was tried in Clarke County Superior Court for felony obstruction of an officer. The jury acquitted him on the felony and found appellant guilty of misdemeanor obstruction of an officer.

1. Appellant's first enumeration of error is that the trial court failed to give the jury an instruction on the lesser included offense to felony obstruction, or simple battery.

"A crime is so included when: (1) It is established by proof of the same or less than all the facts or a less culpable mental state than is required to establish the commission of the crime charged; or (2) It differs from the crime charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a lesser kind of culpability suffices to establish its commission."

OCGA § 16-1-6; *Sims v. State*, 197 Ga. App. 214, 217 (5) (398 SE2d 244) (1990).

OCGA § 16-10-24 (b) reads in part: "[w]hoever knowingly and willfully resists, obstructs, or opposes any law enforcement officer . . . in the lawful discharge of his duties by offering or doing a violence to the person of such officer . . . is guilty of a felony[.]" *Hudson v. State*, 135 Ga. App. 739, 742 (218 SE2d 905) (1975) held that felony obstruction "was meant to cover obstruction of law enforcement officers in general by the use of violence, threat of violence, or other unlawful means. [Cits.] Obviously [OCGA § 16-10-24 (b)] was intended to cover some actions which would not be independently unlawful, since the Committee Notes cited one of the weaknesses of the old section as being its application only to assaults, already made a crime under a separate section." "Verbal threats of force or violence can obstruct an officer and authorize a felony conviction under OCGA § 16-10-24 (b)." *Jackson v. State*, 213 Ga. App. 520, 521 (444 SE2d 875) (1994). "OCGA § 16-10-24 (b) requires proof that the accused offered or did *violence* to the person of an officer. . . ." *Duke v. State*, 205 Ga. App. 689, 690 (423 SE2d 427) (1992).

Simple battery is not a lesser included offense of felony obstruction, because it is a separate and independent offense wherein the intent is to make physical contact or cause physical harm. OCGA § 16-5-23. Simple battery may arise out of the same facts and circumstances as an obstruction charge, but it would be merged with felony obstruction, if there is a conviction. The only lesser included offense to felony obstruction of an officer is misdemeanor obstruction under OCGA § 16-10-24 (a), which lacks as an element of the offense the requirement of threat of violence toward or violence to an officer. *Fricks v. State*, 210 Ga. App. 562, 563 (2) (436 SE2d 752) (1993); *Duke v. State*, supra at 690. The offense of obstruction requires the specific intent to hinder law enforcement, and if there exists any threat or act of violence against an officer, then the offense is felony obstruction, even though the threat of violence or the act of violence would be a misdemeanor against anyone else.

Simple battery is an offense that could be prosecuted along with felony obstruction or misdemeanor obstruction and result in a conviction, when the elements of either form of obstruction have *not* been proven. Thus, it is possible to commit the offense of simple battery against a police officer within OCGA § 16-5-23 (e) and not constitute an offense within OCGA § 16-10-24 (a) or (b). However, simply because the separate offense of simple battery could be prosecuted under the same set of facts that might support an obstruction conviction does *not* make simple battery a "lesser included offense" of obstruction under the law.

Since the requested charge did not constitute a lesser included

offense, then the trial court did not err in not giving an incorrect statement of the law as a charge. See *Fricks v. State,* supra at 563 (2).

2. The second enumeration of error is that the evidence was not sufficient to support the conviction.

"[OCGA § 16-10-24 (a)] provides that a 'person who knowingly and wilfully obstructs or hinders any law enforcement officer in the lawful discharge of his official duties (other than by offering or doing violence to his person) is guilty of a misdemeanor.' " *Duke v. State,* supra at 689. The officer came on an official complaint from the occupant of the apartment; the victim did not wish to press charges because of a personal relationship and only wished appellant removed from the premises. The officer was treating the matter as a domestic violence matter, even though he had sufficient probable cause from what he saw and what the victim told him to arrest appellant on one or more charges. In attempting to carry out his law enforcement duties, the officer was cursed and obstructed in attempting to remove appellant from the premises and to complete his investigation; the officer was attempting to arrest appellant for simple battery when appellant resisted arrest, which constitutes obstruction. The obstruction commenced prior to any struggle when appellant refused to leave the premises at the instruction of the officer.

The evidence was found by the jury to support a conviction beyond a reasonable doubt of misdemeanor obstruction, the lesser included offense to felony obstruction; we find the evidence was sufficient to allow a rational trier of fact to find appellant guilty beyond a reasonable doubt of misdemeanor obstruction of a law enforcement officer in the performance of his official duties. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Lewis v. State,* 214 Ga. App. 830, 831 (449 SE2d 535) (1994); *Grant v. State,* 195 Ga. App. 463, 464 (1) (393 SE2d 737) (1990). Appellant is no longer entitled to the presumption of innocence following the jury verdict of guilty. In an "appeal of a criminal conviction, the evidence is to be viewed 'in the light most favorable to the prosecution' (i.e., in the light most favorable to the jury's determination that the defendant is guilty), not in the light most favorable to the defendant." *Adams v. State,* 255 Ga. 356, 357 (338 SE2d 860) (1986).

*Judgment affirmed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED FEBRUARY 3, 1997.

*Deborah N. Bedsole, Debra G. McDonald,* for appellant.
*Harry N. Gordon, District Attorney, William W. Tanner, Assis-*

*tant District Attorney*, for appellee.