## A98A0053. TAYLOR v. THE STATE.
### (498 SE2d 552)

BLACKBURN, Judge.

Allan Roger Taylor appeals his conviction of two counts of obstruction of a law enforcement officer, contending that the evidence was insufficient and that the trial court erred in charging the jury. For the reasons discussed below, we affirm.

1. "On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) [(1979)]. Conflicts in the testimony of the witnesses, including the State's witnesses, [are] a matter of credibility for the jury to resolve." (Punctuation omitted.) *Bell v. State*, 226 Ga. App. 271, 272 (1) (486 SE2d 422) (1997).

Viewed in the light most favorable to the prosecution, the evidence shows that Taylor and his wife were staying at a hotel on Tybee Island. After dinner one night, Taylor and his wife became involved in a heated argument, and Taylor called the police.

Sergeant Larry Lowers and Officer Rene Lowers were the first officers to arrive on the scene. Taylor, who had consumed approximately 12 beers that day, appeared intoxicated. Rene Lowers took Taylor's wife outside while Larry Lowers remained in the room with Taylor. Officer Henry Connors arrived at the scene and went into the room with Larry Lowers in an attempt to calm down Taylor, who was using foul language and acting in a boisterous manner. As the officers started to leave the room, Taylor swung open the door and cursed the officers. Larry Lowers then advised Taylor that he was being placed under arrest for disorderly conduct.

As the officers were attempting to place handcuffs on Taylor,

Taylor pulled his arm away and struck them repeatedly in the face and head. Rene Lowers came back into the room, and Taylor hit her several times in the face and head. During this altercation, Larry Lowers suffered a dislocated jaw and had a tooth knocked out and two others broken. One of Connors' fingers was broken in two places, and Rene Lowers received several cuts and bruises and a sprained hand.

Although Taylor's version of events differed from the officers' testimony, such differences were a matter for the jury to resolve. Viewed in the light most favorable to the prosecution, the evidence was sufficient to enable a rational trier of fact to find Taylor guilty beyond a reasonable doubt of the offenses charged.

2. Taylor also contends that the trial court failed to adequately charge the jury on the State's burden of disproving his affirmative defense of justification beyond a reasonable doubt. This contention is without merit. The trial court properly charged the jury that "an affirmative defense is a defense that admits the doing of the act charged but seeks to justify, excuse, or mitigate it. . . . Once the issue of an affirmative defense is raised, the burden is on the State to disprove it beyond a reasonable doubt." The trial court then instructed the jury on the legal principle of justification. "Considered as a whole, the charge fully conveyed to the jury the state's burden of disproving the affirmative defense of justification." *Brown v. State*, 267 Ga. 350, 351 (2) (478 SE2d 129) (1996).

*Judgment affirmed. McMurray, P. J., and Eldridge, J., concur.*

DECIDED MARCH 10, 1998.

*Darden & Moyers, Richard M. Darden*, for appellant.
*Spencer Lawton, Jr., District Attorney, Ronald M. Adams, Assistant District Attorney*, for appellee.

