## A99A0209. HAYES v. THE STATE.

(510 SE2d 912)

Judge Harold R. Banke.

Tommy Lee Hayes was convicted of one count of operating a motor vehicle after being declared an habitual violator. On appeal, he enumerates two errors.

At trial, the State sought to admit Hayes' entire driving record, notice of his habitual violator status, and a copy of the return receipt showing that Hayes signed for the notice. Hayes objected to admission of his driving record and the notice because it listed the three driving offenses which provided the basis for his habitual violator status. The State withdrew the driving record, and the trial court admitted the notice and acknowledgment of receipt. *Held*:

1. Hayes maintains that the trial court erred in admitting the notice which contained evidence of his prior driving record. We disagree.

In this prosecution, the State was required to prove that Hayes had been declared an habitual violator, his license was revoked, he received notice of the revocation, and he operated a motor vehicle in this State without a valid license. *Ragan v. State*, 264 Ga. 190, 191 (1) (442 SE2d 750) (1994). While the admission of Hayes' entire driving record would have been error, we cannot say the admission of the notice, which listed only the three offenses on which his habitual violator status was based, was an abuse of discretion. Id.; *Keller v. State*, 231 Ga. App. 546, 548 (4) (499 SE2d 713) (1998). Moreover, Hayes did not demonstrate how its admission prejudiced him and we fail to see that it did. *Ragan*, 264 Ga. at 192 (3).

2. Hayes contends that reversal is required because the trial court impermissibly shifted the burden of disproving his justification defense during argument on the State's objection during closing that Hayes misstated the burden of proof on justification. We disagree.

Hayes' sole defense was that his driving was justified, notwithstanding his habitual violator status, because he was traveling to Augusta for medical tests at the time of his arrest. The record shows that during closing Hayes inquired "What could the State have done to disprove Mr. Hayes' testimony? Well let's see, you got the — could've brought in a doctor." At that point, the State objected, cor-

rectly arguing that while it bore the burden of disproving the affirmative defense, it did not have to disprove Hayes' testimony that he was in pain. See *Austin v. State*, 218 Ga. App. 90, 91 (2) (460 SE2d 310) (1995).

During argument on this issue, the trial court erroneously stated, "The State does not have to disprove the justification." Id. Shortly thereafter, the court also agreed with Hayes that the State bore the burden of disproving the justification defense. Notwithstanding the trial court's initial and apparently inadvertent misstatement, during the jury charge the trial court correctly instructed that the State bore the burden of disproving the justification defense beyond a reasonable doubt. *Taylor v. State*, 231 Ga. App. 73, 74 (2) (498 SE2d 552) (1998); Suggested Pattern Jury Instructions, Vol. II: Criminal Cases (2nd ed.), p. 35.

We note that the difficult-to-follow, contradictory statements made during argument on State's objection were not directed at the jury. Considering that fact, the evidence, and the trial court's subsequent clear and correct instructions on the proper rule of law specifically directed at the jury, we find that the error, standing alone, was harmless. *Reddin v. State*, 223 Ga. App. 148, 153 (6) (476 SE2d 882) (1996).

*Judgment affirmed. Blackburn and Barnes, JJ., concur.*

DECIDED JANUARY 21, 1999.

*John D. Staggs*, for appellant.
Tommy L. Hayes, *pro se.*
*Richard A. Malone, District Attorney*, for appellee.