## A99A0875. NICHOLS v. THE STATE.
### (519 SE2d 20)

JOHNSON, Chief Judge.

Thomas Nichols was convicted of aggravated assault upon a police officer, two counts of felony obstruction of police officers, possession of a knife during the commission of a crime and carrying a concealed weapon. He appeals, challenging the sufficiency of the evidence supporting the aggravated assault and the two felony obstruction convictions.

Viewed to support the verdict, the evidence shows that a police officer stopped his patrol car to talk with Nichols and another man. When the officer asked to see identification, Nichols said he did not have any and patted his pocket. As Nichols moved his arm, the officer saw that, beneath his coat, Nichols had a knife in a leather holder attached to his belt. The officer told Nichols to raise his arms so he could remove the knife for safety purposes. When the officer began to remove the knife, Nichols reached down and grabbed the officer's hand. The officer was able to grasp the knife and throw it away from Nichols, who then ran from the scene.

A backup officer arrived in time to see Nichols flee. The backup and the original officer chased after Nichols. When the backup officer caught him, Nichols tried to strike the officer with his fist and wrestled with him. Eventually the two officers were able to subdue and handcuff Nichols. In addition to the knife initially taken from Nichols, the officers found a dagger clipped to Nichols' boot and two knives in his pockets.

1. Nichols' claim that there is insufficient evidence to support the convictions of felony obstruction is without merit. Felony obstruction of a police officer is committed when a person knowingly and wilfully resists, obstructs, or opposes any law enforcement officer in the lawful discharge of his official duties by offering or doing violence to the officer. OCGA § 16-10-24 (b); *Pearson v. State,* 224 Ga. App. 467, 468

(1) (480 SE2d 911) (1997); *Alex v. State*, 220 Ga. App. 754, 757 (3) (470 SE2d 305) (1996).

Here, the evidence that Nichols fought, struggled with and ran from the officers is sufficient to support the jury's finding, beyond a reasonable doubt, that Nichols committed felony obstruction against them. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Jackson v. State*, 213 Ga. App. 520 (444 SE2d 875) (1994). The two felony obstruction convictions are therefore affirmed.

2. Nichols correctly asserts that there is no evidence to support the aggravated assault conviction. The aggravated assault charge is based on Nichols' struggle with the first officer who removed the knife from Nichols' belt. The indictment alleges that Nichols assaulted the officer with the knife. The evidence, however, does not show that Nichols committed such an assault.

> Under the Code, aggravated assault has two essential elements: (1) an attempt to commit a violent injury, or an act that places another in reasonable apprehension thereof, *and* (2) that the assault was aggravated by either (a) an intention to murder, rape or rob, or (b) the use of a deadly weapon.

(Footnote omitted; emphasis in original.) *Smith v. Hardrick*, 266 Ga. 54, 55 (2) (464 SE2d 198) (1995). See OCGA § 16-5-21 (a).

In the instant case, we assume without deciding that the first aggravated assault element is met by the officer's testimony that he felt threatened by Nichols' grabbing of his hand as it was on the knife. There is, however, no evidence of the necessary second element that the assault was aggravated *by use* of the knife. In the cases of aggravated assault with a knife that we have found, the defendant actually used the knife offensively in a threatening manner against the victim. See, e.g., *Reeves v. State*, 233 Ga. App. 802, 803-804 (1) (505 SE2d 540) (1998) (defendant stabbed and cut victim with knife); *McSears v. State*, 226 Ga. App. 90, 92 (3) (485 SE2d 589) (1997) (defendant swung knife at victim); *Littleton v. State*, 225 Ga. App. 900, 902 (2) (485 SE2d 230) (1997) (defendant held knife to victim's neck); *Nash v. State*, 222 Ga. App. 766, 767 (2) (476 SE2d 69) (1996) (defendant chased and tried to stab victim with knife).

Unlike those cases, Nichols did not use the knife offensively against the officer. Nichols never actually touched the knife or threatened the officer with it. At most, the officer's testimony can be construed as showing that Nichols unsuccessfully reached for the knife and briefly struggled with the officer over it. But absent any evidence that he actually used the knife against the officer, we cannot find that he committed an aggravated assault. To make such a

finding would improperly expand the Code's definition of the crime of aggravated assault.

We note that this opinion in no way justifies the actions of Nichols, nor is it a condemnation of the officer's conduct. We have no doubt that the officer, as he testified, felt threatened by Nichols' actions. But that apprehension does not support an aggravated assault conviction without some evidence that the apprehension was aggravated by Nichols' use of the knife. Rather, the proper crime charged under these facts was the felony obstruction of an officer for which Nichols was, in fact, convicted. See *Miller v. State*, 226 Ga. App. 133, 134-135 (2) (486 SE2d 368) (1997) (defendant who had a tire iron and a knife while struggling with police officers convicted of felony obstruction). Because there is no evidence that Nichols used the knife offensively against the officer, the aggravated assault conviction must be reversed. See generally *Phillips v. State*, 250 Ga. 336, 338 (3) (297 SE2d 217) (1982).

*Judgment affirmed in part and reversed in part. Pope, P. J., and Eldridge, J., concur.*

DECIDED JUNE 2, 1999.

*Gale & Henley, Teddy L. Henley*, for appellant.
*Tambra P. Colston, District Attorney, C. Stephen Cox, Assistant District Attorney*, for appellee.