A99A2440. HAMBRICK v. THE STATE.
A99A2441. WILLIS v. THE STATE.
(530 SE2d 471)

MILLER, Judge.

A jury convicted Sherman Hambrick and Eric Willis of felony obstruction. Hambrick was convicted on one count and Willis on two counts. Following the denial of the appellants' motions for new trial, they appeal, citing as error the trial court's jury instruction on the offense of obstruction, and the court's response to a question from the jury during deliberation.

Evidence showed that a fight broke out at Ware State Prison, after which prison guards attempted to regain order. Hambrick and Willis both admitted that they refused to be handcuffed, and several guards testified that the men threatened them. Two guards testified that Willis hit them in the face, and one testified that Hambrick pushed him against a fence.

1. The court instructed the jury that offering to do or doing violence to a correctional officer discharging his duties constitutes obstruction of an officer.[1] Hambrick and Willis argue that the instruc-

---

[11] *Womble v. State*, 107 Ga. 666, 669 (3), (4) (33 SE 630) (1899).
[1] See OCGA § 16-10-24 (b).

tion allowed the jury to convict based on offering to do violence (threats and refusal to be handcuffed) even though the indictment charged them only with doing violence (striking and pushing officers).

Count 1 of the indictment stated that Willis committed obstruction "by offering and doing violence" to an officer "by hitting him on his face." Although the court charged both means of committing obstruction under the statute, any error in doing so is harmless due the court's curative instruction as explained in Division 2.

2. During deliberation, the jury inquired whether "the obstruction-of-justice charge for Mr. Willis and Mr. Hambrick consist[s] of only the hitting of the officers, or does it include the hitting offenses along with the failure to cuff up and the threats?" Hambrick and Willis contend that the trial court erred in instructing the jury on the crime of obstruction in answer to the question. But the court also instructed that "[t]he charge that you ask about is contained in the indictment, so all you have to do is read the indictment for the language of the charge." The court then reread Count 1 of the indictment and further charged the jury to carefully read each of the charges. Finally, the court again instructed the jury on OCGA § 16-10-24 (b).

The court clearly limited the jury's consideration to the offenses alleged in the indictment. As read by the court, Count 1 of the indictment included the language of OCGA § 16-10-24 (b), which referenced both methods of committing the offense. Thus, the court's response did not suggest that the jury could convict for obstruction in any way other than by finding that they committed the offenses as specified in the indictment. The court did not err in its response to the jury's question.

*Judgments affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED JANUARY 11, 2000 —
RECONSIDERATION DENIED MARCH 1, 2000.

*Little & Joyner, Charles D. Joyner*, for appellant (case no. A99A2440).

*McGee & McGee, James B. McGee III*, for appellant (case no. A99A2441).

*Richard E. Currie, District Attorney, James D. Lamb, Assistant District Attorney*, for appellee.