## A99A2193. JONES v. THE STATE.
(529 SE2d 644)

SMITH, Judge.

Garrett Delmar Jones, Jr. was convicted of both felony and misdemeanor obstruction of an officer. After the denial of his motion for new trial, Jones brought this appeal. Asserting five errors, Jones challenges the sufficiency of the evidence, the trial court's refusal to give two charges he desired, and the court's response to a question from the jury. Having determined that no reversible error occurred, we affirm.

The underlying case arose while two Richmond County sheriff's deputies, Gary McCord and Richard Roundtree, wearing their full uniforms and badges, were performing security work at Smitty's Lounge in Augusta. While so employed, McCord noticed Jones who was riding a bicycle in and around Smitty's parking lot. Recognizing Jones and thinking that he remembered seeing outstanding felony warrants for him, McCord walked to his vehicle and by examining

---

several warrant posters verified the existence of the warrants for Jones. McCord and Roundtree decided to approach Jones for an investigation. As McCord neared Jones, he called out, "Garrett," and stepped in front of the bicycle. Jones immediately abandoned the bicycle and ran directly toward Roundtree who readied himself to intercept Jones. Jones struck the officer in the face with his fist as he attempted to run past him. At that point, McCord grabbed Jones. Jones struggled as both deputies attempted to subdue and restrain him. Jones continued to resist as the officers attempted to maneuver him toward a police cruiser, elbowing and kicking McCord repeatedly.

The commotion attracted a large crowd of about 200 people, and Jones started to incite the bystanders who began closing in menacingly upon the officers. Yelling obscenities, Jones challenged the crowd to intercede on his behalf. Roundtree radioed for help, and police units were summoned to the scene. Only with additional assistance could McCord and Roundtree manage to get Jones into the patrol car. By that time, McCord was bleeding and visibly injured.[1]

At trial, Jones admitted fleeing from the officers but denied deliberately striking either officer. Jones testified that he was starting to leave "when the officer jumped . . . jumped in front of the bicycle like he was trying to arrest me, and that's when I came off the bicycle and ran across the parking lot looking at him." Jones testified that McCord, not he, had been the aggressor and McCord struck him. Jones claimed that McCord lied when testifying to the contrary. Jones denied hitting anyone or even struggling with the officers. He claimed that only after being knocked to the ground did he then attempt to get up. According to Jones's version of events, he willingly walked to the patrol car. Jones testified that after the officers rushed him, he just instinctively attempted to get away.

1. Jones contends the evidence was not sufficient to sustain his conviction for felony obstruction.

A person commits the offense of felony obstruction of a law enforcement officer when he "knowingly and willfully resists, obstructs, or opposes any law enforcement officer . . . in the lawful discharge of his official duties by offering or doing violence to the person of such officer. . . ." OCGA § 16-10-24 (b); *Jackson v. State*, 213 Ga. App. 520-521 (444 SE2d 875) (1994). Here, although the defendant's testimony deviated significantly from the officers', such differences were matters for the jury to resolve. *Taylor v. State*, 231 Ga. App. 73, 74 (1) (498 SE2d 552) (1998). When viewed in the light most

---

[1] Several of McCord's teeth were knocked out, and his injuries required stitches. McCord, who had moved to Germany, did not appear at trial.

favorable to the verdict, the evidence showed that when the officers attempted to interview Jones, for whom felony warrants were then outstanding, Jones obstructed that effort, attempted to flee, and refused to submit to their authority. In so doing, he struck and kicked them. See *Pearson v. State*, 224 Ga. App. 467, 468 (1) (480 SE2d 911) (1997). This evidence was sufficient within the meaning of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), to sustain a conviction for felony obstruction. See *Wilson v. State*, 233 Ga. App. 688, 689 (1) (505 SE2d 774) (1998).

2. Jones asserts that the trial court erred in denying his motion for directed verdict. A motion for directed verdict is authorized only when there is no evidence to support a conviction. *Yawn v. State*, 237 Ga. App. 206, 207 (515 SE2d 182) (1999). Since there was sufficient evidence to sustain the conviction, the refusal to direct a verdict of acquittal based on sufficiency grounds was proper. *Carter v. State*, 222 Ga. App. 397 (1) (474 SE2d 228) (1996) (denial of directed verdict reviewed under sufficiency standard); see *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

3. Jones contends the trial court erred by refusing to give his requested charge on the use of force to resist an unlawful or illegal arrest.

Among other requirements, a jury instruction must be adjusted to the evidence and embody a correct, applicable, and complete statement of law. *Register v. State*, 229 Ga. App. 648 (1) (494 SE2d 555) (1997). When any part of the requested charge is confusing, inapt, incorrect, or not authorized by the evidence, denial of the request is proper. *Jones v. State*, 200 Ga. App. 519, 521 (2) (c) (408 SE2d 823) (1991).

The charge at issue provided: "One upon whom an illegal or unlawful arrest is being made has the right to resist the arrest with such force as is reasonably necessary to prevent the arrest." But Jones made no showing that an unlawful or illegal arrest had taken place. See *Singleton v. State*, 194 Ga. App. 423 (1) (390 SE2d 648) (1990) (confirmation of an outstanding warrant establishes probable cause for arrest). Because the requested charge was not authorized by the evidence, the trial court properly refused to give it. *Harris v. State*, 202 Ga. App. 618, 621 (4) (c) (414 SE2d 919) (1992); *Daniels v. State*, 184 Ga. App. 689, 690 (1) (362 SE2d 775) (1987).

4. Jones maintains that the trial court erred by refusing to give his requested charge on one's right to resist unlawful force used in making a legal arrest. The instruction at issue initially charged on the meaning of excessive force or an unlawful degree of force then stated:

A person being arrested, even though the arrest itself is lawful, has the right to resist the use of excessive and unlawful

force by those making the arrest to the extent that the person reasonably believes that the degree of resistance used is necessary to defend against the officer's use of unlawful or excessive force. In resisting, the person being arrested would not be authorized to use force which is unlawful or disproportionate to the amount of force necessary to prevent the unlawful force being used against the person.

Although Jones now argues that he had a right to resist the use of excessive force and that he was "unnecessarily pounded into submission by the police officers," his own testimony belies that claim. While Jones did testify that police officers manhandled him with a choke hold and struck him in the mouth without provocation, Jones did not testify that he resisted arrest or used force to resist the force utilized by the officers. Instead, Jones testified, "I didn't swing. I didn't touch nobody." In addition, Jones testified that he "didn't refuse to go to that car or nothing" and had willingly walked to the patrol car. Since the evidence did not support the charge, the trial court properly refused to give it. *Daniels*, supra.

5. Jones asserts the trial court failed to respond properly to a question from the jury.

During deliberations, the jury sent two notes. The first one inquired, "[D]oes the felony charge require that the violence written in the indictment occurred or that any violence occurred?" The second note asked, "[P]lease restate the definition of felony obstruction." The trial court then recharged the jury on the State's burden to prove every material allegation of the indictment and to prove every essential element of the crime charged beyond a reasonable doubt and defined reasonable doubt. The court also reinstructed the jury as to felony obstruction and misdemeanor obstruction. After this recharge, the court inquired as to exceptions, and none were made. Defense counsel's failure to object when given the opportunity to do so precludes Jones from raising this issue on appeal. *Reynolds v. State*, 231 Ga. App. 33, 37 (5) (497 SE2d 580) (1998).

*Judgment affirmed. Pope, P. J., and Miller, J., concur.*

DECIDED FEBRUARY 11, 2000.

*Peter D. Johnson*, for appellant.

*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.