A07A1382. OWENS v. THE STATE.
(655 SE2d 244)

BARNES, Chief Judge.

A jury convicted Henry G. Owens of making terroristic threats, disorderly conduct, two counts of felony obstruction of an officer, and one count of misdemeanor obstruction of an officer. He appeals, contending that the evidence was insufficient to sustain one of the felony obstruction charges. Owens also contends that the trial court erred in failing to charge the jury on misdemeanor obstruction as lesser included offenses of the felony obstruction counts, and that his trial counsel was ineffective for failing to request in writing a charge

---

on misdemeanor obstruction as a lesser included offense. For the reasons that follow, we affirm.

We view the evidence on appeal in the light most favorable to the verdict, and no longer presume the defendant is innocent. We do not weigh the evidence or decide the witnesses' credibility, but only determine if the evidence is sufficient to sustain the convictions. *Taylor v. State*, 226 Ga. App. 254, 255 (485 SE2d 830) (1997). We construe the evidence and all reasonable inferences from the evidence most strongly in favor of the jury's verdict. *Sims v. State*, 226 Ga. App. 116 (1) (486 SE2d 365) (1997).

Viewed in that light, the evidence at trial established that Owens and his wife, the victim, both attended a basketball game in which his wife's son was playing. While she was sitting in the stands with her nine-year-old goddaughter, Owens "snuck up" behind the victim, "jacked her up," and said, "B___, you're going to die tonight and I promise you that." He then left the gymnasium, and the victim sought out and complained to a security guard that Owens had threatened to kill her.

The security guard and his partner, both off-duty deputy sheriffs, walked outside and talked to Owens, who became irate, cursing and using racial aspersions. Owens' speech was slurred, he had extremely red eyes, and his breath smelled like alcohol. Two men approached from the parking lot and convinced the officers to let them put Owens into their car and take him away so he would not cause any more problems. After the men left, the officers returned to the gym, but shortly afterward a citizen came in and said there was a fight in the parking lot. The officers went out and the two men who had been taking Owens home had returned, explaining that Owens had fought with them and then "took off" on foot. The officers radioed a description of Owens to the deputies working the road and asked them to bring him back to the gym because they wanted to investigate the victim's claim that Owens had threatened her, and did not want him to endanger himself or anyone else.

One deputy was talking to the victim and her goddaughter when he heard a "commotion" behind him in the parking lot. Three deputies were by a patrol car struggling with Owens while a large crowd began gathering. Owens had initially been cooperative and was sitting in the back of the car, but then rolled down the back window and opened the car door from the outside. Owens got out of the car and started "making a scene, hollering, cussing, carrying on, kicking" and screaming. He tried to kick a couple of onlookers and the deputies tried to restrain him, but he turned and started kicking and trying to swing at the officers. He was "extremely intoxicated, extremely belligerent, noncompliant," and "just really out of control." He was also "cursing very loudly," became "very boisterous," and was cursing at the officer.

The basketball game ended and a crowd of 75 to 120 people gathered around the patrol car. Some people in the crowd were yelling, so several of the deputies formed a semicircle around the patrol car to keep the crowd back. One of the deputies recalled that "everything was escalating due to the hollering and screaming." Owens resisted when the officers tried to handcuff him, pulling away and lunging toward the crowd. After the deputies finally cuffed the struggling Owens, they placed him in a patrol car and took him away from the scene.

1. A person commits felony obstruction of an officer under Georgia law if he "knowingly and willfully resists, obstructs, or opposes any law enforcement officer . . . in the lawful discharge of his official duties by offering or doing violence to the person of such officer." OCGA § 16-10-24 (b). The indictment alleged that Owens "did knowingly and willfully obstruct Deputy [X], a law enforcement officer . . . in the lawful discharge of his official duties by fighting with said Deputy." Owens argues that no one testified that he threatened or made contact with the deputy named in Count 2 of the indictment, or any other officer, or that he was "fighting" or otherwise doing or attempting to do violence, as required by OCGA § 16-10-24 (b). Therefore, he contends, the evidence was insufficient to convict him of felony obstruction by violence.

The deputy named in this count testified that Owens was "making a scene, hollering, cussing, carrying on, kicking," screaming, and that he resisted arrest, pulled away, and attempted to kick someone in the crowd. Another deputy testified that when Owens got out of the car, he screamed at and kicked at some individuals in the crowd, and then "he turned and started kicking and trying, attempting to swing at myself and a couple of other deputies that were there." This evidence was sufficient to show that Owens "offered to do violence" to the deputy, *Gillison v. State*, 254 Ga. App. 232, 232-233 (1) (561 SE2d 879) (2002), and was sufficient for a rational trier of fact to find Owens guilty beyond a reasonable doubt of felony obstruction on Count 2. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Nichols v. State*, 238 Ga. App. 412, 413 (1) (519 SE2d 20) (1999). "The statute does not require actual violence, nor does it require injury to an officer in order to support a felony conviction." *In the Interest of D. D.*, 287 Ga. App. 512, 513 (1) (651 SE2d 817) (2007).

2. Owens contends that his trial counsel was ineffective for failing to request in writing a jury charge on misdemeanor obstruction of an officer as a lesser included offense of felony obstruction, and contends that the trial court erred in not charging the jury on that crime. The burden is on the defendant claiming ineffectiveness of counsel to establish that his attorney's representation in specific respects fell below an objective standard of reasonableness, and that

"a reasonable probability [exists] that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U. S. 668, 694 (104 SC 2052, 80 LE2d 674) (1984). The "reviewing court need not address both components if the defendant makes an insufficient showing on one, nor must the components be addressed in any particular order." (Citation and punctuation omitted.) *Nelson v. State*, 255 Ga. App. 315, 322-323 (10) (565 SE2d 551) (2002).

In the motion for new trial hearing, Owens' trial counsel testified that the prosecutor had offered 12 months to serve on either misdemeanor battery or misdemeanor obstruction in exchange for a guilty plea, but Owens did not want to plead guilty even to a misdemeanor. So counsel made a strategic decision not to present a written request for a lesser included misdemeanor obstruction charge because Owens "decided to go all or nothing." "Counsel's decision not to request a jury charge on a lesser included offense and to pursue an 'all or nothing' defense is a matter of trial strategy and does not amount to ineffective assistance." (Citation and punctuation omitted.) *Ojemuyiwa v. State*, 285 Ga. App. 617, 624 (5) (b) (647 SE2d 598) (2007).

While "a written request to charge a lesser included offense must always be given if there is any evidence that the defendant is guilty of the lesser included offense," *State v. Alvarado*, 260 Ga. 563, 564 (397 SE2d 550) (1990), in this case, trial counsel did not submit a written request because he and Owens made a strategic decision not to do so. "Omitting a charge on a lesser included offense is not error absent a written request." (Citation and punctuation omitted.) *Fricks v. State*, 210 Ga. App. 562, 563 (2) (436 SE2d 752) (1993). Therefore, the trial court did not err in not charging the jury on misdemeanor obstruction sua sponte, which would have undermined Owens' defense.

*Judgment affirmed. Smith, P. J., and Miller, J., concur.*

DECIDED NOVEMBER 15, 2007 —
RECONSIDERATION DENIED DECEMBER 5, 2007 —

*Leigh S. Schrope, James C. Bonner, Jr.*, for appellant.
*Scott L. Ballard, District Attorney, Gail M. Travillian, Robert H. English, Assistant District Attorneys*, for appellee.