### A08A2357. SMITH v. THE STATE.
(669 SE2d 530)

BLACKBURN, Presiding Judge.

Following a jury trial, Timothy Eugene Smith appeals his conviction for obstructing an officer (felony),[1] obstructing an officer (misdemeanor),[2] interfering with government property,[3] escaping,[4] possessing marijuana,[5] giving a false name,[6] and possessing a firearm by a convicted felon[7] (he pled guilty to the last charge). He challenges the sufficiency of the evidence on the felony obstruction charge and claims that the trial court erred in its jury instructions and in finding he did not carry his burden of showing ineffective assistance of counsel. Discerning no error, we affirm.

When reviewing a defendant's challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*.[8] We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*.[9]

So viewed, the evidence shows that three uniformed officers arrived at a residence to execute an arrest warrant for Smith. The

---

[4] *Eason v. State*, 249 Ga. App. 738, 739 (1) (549 SE2d 532) (2001).
[1] OCGA § 16-10-24 (b).
[2] OCGA § 16-10-24 (a).
[3] OCGA § 16-7-24 (a).
[4] OCGA § 16-10-52 (a) (2).
[5] OCGA § 16-13-30 (j) (1).
[6] OCGA § 16-10-25.
[7] OCGA § 16-11-131 (b).
[8] *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).
[9] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

first officer covered the back entrance (around which was a covered porch area that was also serving as a bedroom) while the other two officers approached the front door and knocked. When the two officers were let in the front door, the first officer at the back entrance entered the back porch/bedroom area and saw Smith and a female in bed. Drawing his gun, the first officer asked Smith to identify himself, and Smith responded that he was Scott Smith. Suspecting he was in fact Timothy Smith (the subject of the arrest warrant), the first officer stated he needed to handcuff Smith for safety reasons while the identity matter was resolved. Also, a handgun lay on the nightstand within arm's reach of Smith. As he approached Smith to do so, the other two officers entered the porch area, and Smith lunged for a second door leading out of the porch enclosure. The first officer and one of the other officers grappled with Smith, attempting to place handcuffs on him. Ignoring police commands, Smith fought furiously with the officers, resisting all attempts to handcuff him and struggling to escape out the second door. The third officer struck Smith with a baton, but the other two officers were able only to get a handcuff on Smith's left wrist. Smith began swinging the loose handcuff toward the first officer's face but did not connect. The third officer sprayed Smith with pepper spray, allowing the other two officers to finally subdue Smith and handcuff both his hands.

They placed Smith in the back of a patrol car and were returning to the residence, when Smith suddenly kicked out the rear passenger side window, jumped out of the vehicle, and ran. A fourth officer who had since appeared at the scene tackled him and, after a struggle, was able with the assistance of the other officers to place him in the rear of a second patrol car with windows protected by steel mesh. A subsequent search of the bedroom on the porch yielded not only the handgun but also marijuana within arm's reach of Smith's location on the bed. The first officer suffered abrasions and bruises from Smith's efforts at resistance.

A jury found Smith guilty of felony obstruction (fighting with the first officer), misdemeanor obstruction (resisting arrest by the fourth officer), interference with government property (kicking out the back window), escaping, possessing marijuana, and giving a false name. Smith then pled guilty to possessing a firearm by a convicted felon.

1. Smith challenges the sufficiency of the evidence on the felony obstruction conviction, arguing that no evidence showed he offered to do violence to the first officer. We disagree.

Felony obstruction requires a showing that in wilfully resisting an officer, the accused offered or did violence to the person of the officer. OCGA § 16-10-24 (b). Smith argues that no evidence showed

that he struck or threatened any of the officers. However, violently struggling with officers during their attempt to arrest an accused suffices to show that the accused offered or did violence to the officers. *Singleton v. State*.[10] Moreover, here there was evidence that Smith swung at the first officer's face with the loose handcuff. See *Owens v. State*[11] (swinging at officer, even though there was no contact, shows accused offered to do violence under the felony obstruction statute). Combined with the first officer's injuries, the evidence amply sufficed to sustain Smith's felony obstruction conviction. See *Nichols v. State*[12] (fighting, struggling with, and running from police during arrest attempt showed felony obstruction).

2. Smith complains that although the court's instruction on felony obstruction correctly set forth all essential elements of the crime under OCGA § 16-10-24 (b), the court erred in failing to explicate further the meaning of the element of offering to do violence to the person of the officer. At least two other cases have approved similar jury instructions, even though in neither case is there any indication that the court gave additional instructions as to the meaning of "offering to do violence." See, e.g., *Hambrick v. State*;[13] *Pace v. State*.[14] We fail to see the need for further explication of the phrase and decline Smith's invitation to require such here.

3. Smith contends that the court erred in failing to give a jury instruction on "reckless conduct" under OCGA § 16-5-60 (b) as a lesser included offense of the felony obstruction charge. However, Smith made no request for any such instruction. "Absent a written request for a charge on a lesser included offense, made at or before the close of the evidence, the failure to so charge is not error." (Punctuation omitted.) *Morales v. State*.[15] See *Kirkland v. State*[16] (failure to charge reckless conduct as lesser included offense is not error where no written request was submitted by defense).

4. Smith claims that the trial court erred in finding he did not carry his burden in proving ineffective assistance of counsel. Specifically, he argues that his trial counsel acted deficiently in failing to request the court to explicate to the jury the meaning of "offering to do violence," and in failing to submit a written request for an instruction on "reckless conduct" as a lesser included offense of felony obstruction.

---

[10] *Singleton v. State*, 194 Ga. App. 423, 423-424 (3) (390 SE2d 648) (1990).

[11] *Owens v. State*, 288 Ga. App. 771, 773 (1) (655 SE2d 244) (2007).

[12] *Nichols v. State*, 238 Ga. App. 412, 413 (1) (519 SE2d 20) (1999).

[13] *Hambrick v. State*, 242 Ga. App. 550, 550-551 (1) (530 SE2d 471) (2000).

[14] *Pace v. State*, 201 Ga. App. 475, 476 (2) (411 SE2d 361) (1991).

[15] *Morales v. State*, 281 Ga. App. 18, 19 (2) (635 SE2d 325) (2006).

[16] *Kirkland v. State*, 282 Ga. App. 331, 333-334 (2) (638 SE2d 784) (2006).

582

To prove his claim of ineffective assistance, Smith was required to show that

> counsel's performance was deficient and that the deficiency so prejudiced [Smith] that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different. [Smith] must overcome the strong presumption that trial counsel's conduct falls within the broad range of reasonable professional conduct. The trial court's findings with respect to effective assistance of counsel will be affirmed unless clearly erroneous.

(Citations omitted.) *Domingues v. State*.[17]

Evidence supported the trial court's finding that Smith failed to prove his counsel acted deficiently. With regard to requesting additional instructions on the element of "offering to do violence" to an officer's person, our discussion in Division 2 above shows that such instruction was unneeded. With regard to counsel's failure to request a charge on "reckless conduct" as a lesser included offense, counsel testified that he consciously decided as a matter of strategy to not make this request. At counsel's request, the trial court was already giving an instruction on the lesser included charge of misdemeanor obstruction; counsel did not need nor want another misdemeanor presented as a lesser included offense, especially one which counsel felt had even fewer elements than misdemeanor obstruction. He wanted to persuade the jury not only that the elements of felony obstruction were not present, but also that elements of misdemeanor obstruction were not present. He felt that showing the elements of reckless conduct were not present would have been more difficult. The trial court did not clearly err in finding that this strategy of trial counsel fell within the broad range of reasonable professional conduct. See *King v. State*[18] ("[d]ecisions about which jury charges to request are strategic and provide no grounds for reversal unless such tactical decisions are so patently unreasonable that no competent attorney would have chosen them") (punctuation omitted). See also *Hill v. State*[19] ("failure to ask for a charge on a lesser included offense can be a matter of trial strategy").

*Judgment affirmed. Miller and Ellington, JJ., concur.*

---

[17] *Domingues v. State*, 277 Ga. 373, 374 (2) (589 SE2d 102) (2003).
[18] *King v. State*, 282 Ga. 505, 507 (2) (a) (651 SE2d 711) (2007).
[19] *Hill v. State*, 290 Ga. App. 140, 145 (5) (e) (658 SE2d 863) (2008).

DECIDED NOVEMBER 14, 2008.

*David W. Brookshire*, for appellant.

*T. Joseph Campbell, District Attorney, Rosemary G. Heidmann, Assistant District Attorney*, for appellee.