**FOURTH DIVISION**
**DOYLE, P. J.,**
**ANDREWS and BOGGS, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**September 13, 2012**

# In the Court of Appeals of Georgia

A12A0843. INGRAM v. THE STATE.

BOGGS, Judge.

After a jury trial, William Ingram was convicted of two counts of felony obstruction of an officer and one count of interference with government property. Following the denial of his amended motion for new trial, Ingram appeals, asserting that the trial court erred in failing to charge the jury on misdemeanor obstruction as a lesser included offense of the felony obstruction counts, and that his trial counsel was ineffective for failing to request the same charge in writing. We find no error and therefore affirm.

The State presented evidence showing that Ingram appeared to be asleep on the floor of his holding cell in the county jail when Deputy Cash placed another individual into the cell with him. Immediately after returning to the control area of the

jail, Deputy Cash heard water running and returned to Ingram's cell, where he observed Ingram clogging the toilet and making it overflow. When Deputy Cash and another deputy approached the cell, Ingram starting throwing his shoe into the light fixture and ceiling tiles above his head.

After several other officers arrived to help, Deputy Cash instructed Ingram to halt, turn around, and put his hands on the wall. Ingram complied, the other cell occupants were removed, and Ingram was placed in handcuffs with his hands behind his back. Ingram refused to cooperate with the officers' attempts to place him in a different holding cell,. When the officers tried to forcibly place him in the cell, Ingram kicked Deputy Cash in the shin and another deputy in the groin. The officers then subdued Ingram by using a Taser before placing him in the cell.

Based upon this conduct, the State charged Ingram with four felony counts of obstruction of an officer (OCGA § 16-10-24) and interference with government property (OCGA § 16-7-24). The State later agreed to nolle prosequi two of the obstruction counts. Defense counsel did not request a charge on the lesser included offense of misdemeanor obstruction of an officer in writing before trial or orally during the charge conference held after all of the evidence had been presented. In the motion for new trial hearing, defense counsel testified that he made a strategic

decision *not* to request such a charge, adopting "an all or nothing approach" to the trial. Defense counsel explained that he adopted this strategy because, in his opinion, the videotape of the entire incident played for the jury during trial did not show Ingram kicking the officers. The jury found Ingram guilty of the two remaining counts of felony obstruction and one count of interference with government property.

1. Ingram contends that the trial court erred by failing to charge the jury sua sponte on a lesser included offense – misdemeanor obstruction of an officer. "Absent a written request for a charge on a lesser included offense, made at or before the close of the evidence, the failure to so charge is not error." (Citations, punctuation and footnote omitted.) *Smith v. State*, 294 Ga. App. 579, 581 (3) (669 SE2d 530) (2008). And, to the extent we are required to evaluate whether plain error resulted from the trial court's failure to charge on the lesser included offense under OCGA § 17-8-58 (b), we find that none exists. See *State v. Kelly*, 290 Ga. 29, 32-33 (2) (a) (718 SE2d 232) (2011) (plain error standard of review); *Owens v. State*, 288 Ga. App. 771, 744 (2) (655 SE2d 244) (2007) (no error resulted from trial court's failure to charge on lesser included charge when trial counsel made strategic decision against lesser included charge based upon "all or nothing" defense strategy).

For these reasons, the trial court did not err by failing to charge the jury on the lesser included offense of misdemeanor obstruction of an officer.

2. In his remaining enumeration of error, Ingram contends that he received ineffective assistance because his trial counsel failed to request a charge on the lesser included offense of misdemeanor obstruction. In order to prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate the following:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense.

(Citation and punctuation omitted.) *Miller v. State*, 285 Ga. 285 (676 SE2d 173) (2009). The appropriate test for prejudice is whether a reasonable probability exists "that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 286. "If an appellant fails to meet his burden of proving either prong of the *Strickland* test, the reviewing court does not have to examine the other prong." (Citations and punctuation omitted.) *Evans v. State*, 288 Ga. 571, 576 (7) (707 SE2d 353) (2011).

In this case, Ingram cannot meet his burden of proving deficient performance by his trial counsel. "Decisions as to which charges will be requested generally fall within the realm of trial tactics and strategy." (Citation, punctuation and footnote omitted.) *Cruz v. State*, 305 Ga. App. 805, 812 (3) (e) (700 SE2d 631) (2010). And strategic decisions "provide no grounds for reversal unless such tactical decisions are so patently unreasonable that no competent attorney would have chosen them." (Citations and punctuation omitted.) *King v. State*, 282 Ga. 505, 507 (2) (a) (651 SE2d 711) (2007). Because trial counsel made a reasonable decision to pursue an all-or-nothing defense strategy based upon his review of the videotape, we find no merit in Ingram's ineffective assistance of counsel claim. See *Nguyen v. State*, 296 Ga. App. 853, 856-858 (2) (a) (676 SE2d 246) (2009); *Leonard v. State*, 279 Ga. App. 192, 195 (2) (b) (630 SE2d 804) (2006).

*Judgment affirmed. Doyle, P. J. and Andrews, J., concur.*