A02A0417. DODSON v. DEAN.
(567 SE2d 348)

RUFFIN, Judge.

This appeal originated from a divorce action between Thomas A. Dean and Diane Dodson filed in the Superior Court of Cherokee County. Before the final divorce hearing, the parties moved to recuse the trial judge on the basis that Dodson's attorney had a lawsuit pending against the judge. The judge denied the motion, ruling that it was untimely and that the affidavit was insufficient. We granted Dodson's application for interlocutory appeal, and for reasons that follow, we affirm.

The record shows that, on May 31, 2001, the trial court entered a

---

[8] See *Cornett v. Manheim Svcs. Corp.*, 151 Ga. App. 336, 338 (259 SE2d 723) (1979).

rule nisi scheduling the final divorce hearing for July 16, 2001. On July 11, 2001, the parties filed a "Joint Motion for Disqualification and Recusal" of the trial judge, the Honorable Frank C. Mills III, and all the other judges of the Superior Court of Cherokee County. Attached to the motion is an unnotarized pleading that purports to be an "affidavit" and brief supporting the motion.

The pleading states in relevant part that Dodson's attorney, Luann Evans, had filed a civil action in the Cherokee County Superior Court "seeking a declaration that the Family Court as set up by [Judge Mills] is unconstitutional and illegally constituted [and] that [Judge Mills] has violated the Georgia Constitution." The pleading further alleges that Judge Mills "must have personal feelings about [Dodson's] counsel. Such feelings preclude impartiality toward [Dodson's] counsel and thereby against [Dodson] herself." Dodson also sought to disqualify the remaining superior court judges on the ground that her counsel had also accused them of illegally holding their positions.[1] The trial judge denied the motion, concluding that it was untimely filed and that there was no affidavit attached. We find no error in this ruling.

Recusal motions are governed by Uniform Superior Court Rule ("USCR") 25. USCR 25.1 requires that

> [a]ll motions to recuse or disqualify a judge presiding in a particular case or proceeding shall be timely filed in writing and all evidence thereon shall be presented by accompanying affidavit(s) which shall fully assert the facts upon which the motion is founded. Filing and presentation to the judge shall be not later than five (5) days after the affiant first learned of the alleged grounds for disqualification, and not later than ten (10) days prior to the hearing or trial which is the subject of recusal or disqualification, unless good cause be shown for failure to meet such time requirements. In no event shall the motion be allowed to delay the trial or proceeding.

---

[1] In her appellate brief, Dodson states that counsel's lawsuit alleged that Judge Mills "consciously abused his judicial power, and acted unethically and improperly," and that the suit sought "punitive damages against the judge personally as well as attorneys fees." Dodson, however, has not cited the record in support of these contentions, and counsel's complaint against Judge Mills is not included in the record. It is well established that "factual assertions contained in the parties' briefs unsupported by evidence of record cannot be considered in the appellate process." *Boatright v. State,* 192 Ga. App. 112, 115 (5) (385 SE2d 298) (1989).

When a trial judge is confronted with such motion, he must

> temporarily cease to act upon the merits of the matter and shall immediately determine [(1)] the timeliness of the motion and [(2)] the legal sufficiency of the affidavit, and [(3)] make a determination, assuming any of the facts alleged in the affidavit to be true, whether recusal would be warranted. If it is found that the motion is timely, the affidavit sufficient and that recusal would be authorized if some or all of the facts set forth in the affidavit are true, another judge shall be assigned to hear the motion to recuse.[2]

However, "[i]f all three conditions precedent set forth in USCR 25.3 are not met, the trial judge shall deny the motion on its face as insufficient, and there is no need for the trial judge to assign the motion to another judge to hear."[3]

In this case, it is clear that Dodson's motion did not meet all three conditions precedent. Dodson acknowledges in her appellate brief that counsel filed the complaint against Judge Mills on June 8, 2001.[4] Dodson's disqualification motion, filed July 11, was untimely because it was not filed within five days after she learned of these grounds, and it was filed later than ten days before the July 16 final hearing.[5] Although Dodson contends that the judge should have nevertheless recused himself sua sponte, this does not explain her delay in moving for disqualification pursuant to the Uniform Superior Court Rules.

While untimeliness of the motion would have justified the court's denial of Dodson's motion,[6] we also note that Dodson's purported "affidavit" was not notarized. Dodson argues that the missing attestation is without consequence because "the Affiants were the three attorneys themselves, [so] no notary should be required." But Dodson cites no authority supporting this proposition, and we have held that

> [a]ffidavits must conform to OCGA § 9-11-56 (e), which is a codification of the common law requirements as to affidavits. A complete affidavit must satisfy three essential elements: (a) a written oath embodying the facts as sworn to by the

---

[2] USCR 25.3.

[3] *Gibson v. Decatur Fed. Sav. &c. Assn.*, 235 Ga. App. 160, 166 (3) (508 SE2d 788) (1998).

[4] This acknowledgment constitutes a binding admission in judicio. See *Ray v. Scottish Rite Children's Med. Center*, 251 Ga. App. 798, 799, n. 2 (555 SE2d 166) (2001).

[5] See USCR 25.1.

[6] See *Pope v. State*, 257 Ga. 32, 35 (2) (b) (354 SE2d 429) (1987) (holding that appellant's "disqualification argument is . . . untimely and need not be further considered by this Court on appeal") (punctuation omitted).

affiant; (b) the signature of the affiant; and (c) the attestation by an officer authorized to administer the oath that the affidavit was actually sworn by the affiant before the officer.[7]

Accordingly, the lack of an attestation rendered the affidavit legally insufficient.[8]

Finally, Dodson asserts that, despite the deficiencies, the trial judge should have recused himself sua sponte under Canon 3 (E) of the Code of Judicial Conduct. Canon 3 (E) (1) generally requires judges to "disqualify themselves in any proceeding in which their impartiality might reasonably be questioned." Subsections (a) through (c) of Canon 3 (E) (1) enumerate specific instances where disqualification is required. Dodson merely asserts that Judge Mills should have acted sua sponte because his "impartiality can be and was reasonably questioned." However, Dodson cites no authority requiring sua sponte recusal under this standard, and we have generally ruled that such self-enforcement is not required.[9]

Furthermore, although self-enforcement may be required where the reason for recusal is based on one of the specific instances enumerated in subsections (a) through (c), Dodson has not shown that any of those instances apply in this case.[10] Among the circumstances addressed in these subsections, the only one that could conceivably apply would arise where "the judge has a personal bias or prejudice concerning a party or a party's lawyer."[11] But Dodson has pointed to *no evidence* that the trial judge harbored any such bias or prejudice against her attorney, and the court's order reflects that the "judge in his own mind . . . considered the issue of recusal and [found] no reason to do so." Accordingly, we find no error.

*Judgment affirmed. Pope, P. J., and Barnes, J., concur.*

---

[7] (Citation omitted.) *Roberson v. Ocwen Fed. Bank*, 250 Ga. App. 350, 352 (2) (553 SE2d 162) (2001).

[8] See id.; *Smith v. Adamson*, 226 Ga. App. 698, 699 (1) (487 SE2d 386) (1997) ("motion to recuse . . . was properly denied without a hearing before another judge, since [the movant's] supporting 'affidavit,' which was not signed or notarized, was in any case legally insufficient to give rise to reasonable doubts about [the judge's] impartiality").

[9] See *Barlow v. State*, 237 Ga. App. 152, 156 (3) (513 SE2d 273) (1999); *In re Brant*, 230 Ga. App. 283, 285 (2) (496 SE2d 321) (1998); *In the Interest of A. L. L.*, 211 Ga. App. 767, 769 (4) (440 SE2d 517) (1994).

[10] See *Pope*, supra at 34 (considering similar federal statute governing disqualification, 28 USC § 455, Court recognized that "subsection (b) enumerates specific disqualification standards. This subsection is meant to be self-enforcing, and it is the trial judge's duty to disqualify himself as soon as he is aware that the grounds exist") (citations and punctuation omitted); *Lynott v. State*, 198 Ga. App. 688, 689 (3) (402 SE2d 747) (1991) (addressing specific disqualification instances in Canon 3 (E) that were formerly addressed in Canon 3 (C), court ruled that "[t]his was not an instance where any violation of the specific standards of Canon 3 (C) of the Georgia Code of Judicial Conduct occurred, which would require sua sponte disqualification").

[11] Georgia Code of Judicial Conduct Canon 3 (E) (1) (a).

DECIDED JUNE 19, 2002.

*Luann M. Evans*, for appellant.
*Michael E. McLaughlin, Gilder H. Howard, Sr.*, for appellee.