## A02A1945. BREWER et al. v. WALDROUP.
### (578 SE2d 139)

BARNES, Judge.

Hattie Lou Brewer files this appeal from the denial of her motion for new trial. In her original complaint for injunctive relief, Brewer sought to have J. J. Waldroup permanently enjoined from constructing a roadway on a 50-foot-wide easement benefitting Waldroup's property.[1] The trial court denied the injunction, finding that Waldroup had the express right to construct a road on the easement. In appealing the denial of her motion for new trial, Brewer enumerates as error the trial court's denial of her motion to recuse. She argues that the trial judge was a material witness "to a seminal issue upon which the Motion for New Trial was based," and as such should have granted the motion to recuse.

The record shows that the trial court set the final hearing for February 7, 2002, at 9:30 a.m. Although Brewer's counsel filed a notice of conflict because of an impending trial in another superior court, on February 6, Brewer notified the trial court that the conflicting case would not be tried, and she would proceed at 9:30 the next morning as scheduled. The next day neither Brewer nor her trial counsel appeared for trial. The trial court delayed the proceedings until 10:15 a.m. and then heard the case on its merits. After hearing argument and considering evidence from Waldroup, the trial court denied Brewer's requested permanent injunction. At approximately 11:00 a.m., Brewer's counsel appeared and was told that a ruling had already been issued, but that the trial court would hear from counsel regarding her tardiness. Brewer's counsel was told that upon consideration of a legitimate reason, the order would be set aside.

Counsel informed the trial court that she had been delayed at an emergency guardianship hearing in probate court and that she had left messages with the court to that regard. The trial court concluded that trial counsel's delay was not justified and declined to vacate its order. While neither proceeding was transcribed, on March 4, 2002, a hearing was held to perfect the record. At the hearing Brewer's counsel testified that she had spoken with the trial judge the night of Feb-

---

[1] The Tennessee Valley Authority conveyed the easement to Waldroup's predecessor in title in October 1957.

ruary 6 and informed him about the emergency guardianship hearing and that she thought she could make it to court by 9:30 a.m. but would report as soon as the proceedings were concluded. The judge agreed that he had spoken with trial counsel the previous night but only to confirm that she was aware that her case was proceeding the next morning. He denied being informed of the probate court proceedings.

On March 7, 2002, Brewer filed a motion for new trial on general grounds and also arguing that the trial court improperly conducted the February 7 hearing and she should have the opportunity to be heard because "Counsel had notified the Court of her whereabouts." The hearing on the new trial motion was scheduled for March 28. On March 21, 2002, Brewer filed a motion for recusal, alleging that because of the factual disputes between her counsel and the trial judge regarding the contents of the February 6 telephone conversation, the trial judge was a material witness. The trial court denied the motion, finding it was untimely and there was no affidavit attached. We affirm.

When a motion to recuse is presented, the judge can rule on the timeliness of the motion and the legal sufficiency of the affidavit, *Birt v. State*, 256 Ga. 483, 484 (1) (350 SE2d 241) (1986), and "[i]t is as much the duty of a judge not to grant the motion to recuse when the motion is legally insufficient as it is to recuse when the motion is meritorious." (Citation and punctuation omitted.) *Henderson v. McVay*, 269 Ga. 7, 9 (2) (494 SE2d 653) (1998). Upon the filing of a motion to recuse under Uniform Superior Court Rule 25.3, the trial judge must

> temporarily cease to act upon the merits of the matter and shall immediately determine [(1)] the timeliness of the motion and [(2)] the legal sufficiency of the affidavit, and [(3)] make a determination, assuming any of the facts alleged in the affidavit to be true, whether recusal would be warranted. If it is found that the motion is timely, the affidavit sufficient and that recusal would be authorized if some or all of the facts set forth in the affidavit are true, another judge shall be assigned to hear the motion to recuse.

USCR 25.1 requires that the motion to recuse be made within five days after first learning of the basis for recusal, and not later than ten days prior to trial or hearing, "unless good cause be shown for failure to meet such time requirements." If all three conditions precedent set forth in USCR 25.3 are not met, the trial judge shall deny the motion on its face as insufficient, and there is no need for the trial judge to assign the motion to another judge to hear. *Gibson*

*v. Decatur Fed. Sav. &c. Assn.*, 235 Ga. App. 160, 166 (3) (508 SE2d 788) (1998).

We agree with the trial court that this motion for recusal failed to adhere to the requirements of USCR 25.1 and was neither timely nor accompanied by the requisite affidavits. The motion for recusal was filed on March 21, seventeen days after the March 4 hearing and only seven days before the March 28 hearing on the motion for new trial. Brewer appears to concede these procedural inadequacies, but argues that the trial judge was required to recuse himself sua sponte under Canon 3 (E) (1) of the Code of Judicial Conduct. Specifically Brewer argues that the trial judge was required to recuse himself under Canon 3 (E) (1) (a) because he "has . . . personal knowledge of disputed evidentiary facts concerning the proceeding," in this case, the conversation that occurred on the night before the February 7 hearing.

Canon 3 (E) (1) generally requires judges to "disqualify themselves in any proceeding in which their impartiality might reasonably be questioned."

> "Impartiality might reasonably be questioned" means a reasonable perception, of lack of impartiality by the judge, held by a fair minded and impartial person based upon objective fact or reasonable inference; it is not based upon the perception of either interested parties or their lawyer-advocates, seeking to judge shop and to gain a trial advantage, because both of their credibility is suspect from self-interest. Recusal on this ground requires a rational basis for such questioning, not an arbitrary basis, even though no actual impropriety on the part of the trial court judge has been shown.

(Citations and punctuation omitted.) *Baptiste v. State*, 229 Ga. App. 691, 694 (1) (494 SE2d 530) (1997).

Here, while Brewer argues that the trial judge's impartiality might be questioned because of "personal knowledge of disputed evidentiary facts concerning the proceeding," she offers no evidence of the "disputed evidentiary facts" other than her counsel's version of a telephone conversation between counsel and the trial judge. See generally *Dodson v. Dean*, 256 Ga. App. 4, 7 (567 SE2d 348) (2002). There were no affidavits supporting the motion, no notice of leave from the court excusing her, and, further, absolutely no evidence in the record of the alleged probate hearing. As such, there is no rational basis for questioning the trial judge's impartiality. Further, to find otherwise would allow all disputed communications between trial counsel and the judge to become grounds for recusal. "Such conduct, if sanctioned by recusal, could lead to blatant misconduct on the part of parties or counsel to intentionally delay trials and to

'judge shop' to gain an unconscionable advantage." *Baptiste v. State,* supra, 229 Ga. App. at 695.

"In order to be disqualifying the alleged bias must stem from an extra-judicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case. The alleged bias of the judge must be of such a nature and intensity to prevent the party from obtaining a trial uninfluenced by the court's prejudgment." (Citations and punctuation omitted.) *McBride v. State,* 213 Ga. App. 857, 859 (4) (446 SE2d 193) (1994); *Stevens v. Myers,* 190 Ga. App. 61 (378 SE2d 334) (1989); USCR 25.2. Compare *In re Crane,* 253 Ga. 667 (324 SE2d 443) (1985) (the trial judge who tried the party for criminal contempt for conduct in the judge's office to which the judge was a witness should have disqualified himself).

Thus, the trial court in this case did not err in denying Brewer's motion for new trial.

*Judgment affirmed. Ruffin, P. J., and Adams, J., concur.*

DECIDED FEBRUARY 6, 2003.

*Cummings & Dillard, Michael H. Cummings II, Dreger & McClelland, Richard J. Dreger,* for appellants.
*Sorgen & Schindelar, Lawrence S. Sorgen,* for appellee.