## A04A0839. PHILLIPS v. THE STATE.
### (601 SE2d 147)

ELDRIDGE, Judge.

Antonia Phillips, Sr. was convicted by a jury of the offense of obstruction of an officer (OCGA § 16-10-24 (b)). Phillips, pro se, appeals from the denial of his motion for new trial. Before this Court, Phillips fails to set out his enumerations of errors as part two of his brief as required by Court of Appeals Rule 22 (a). Neither are Phillips' enumerations of errors clearly set out within the brief he filed. However, even though Phillips fails to enumerate clearly the errors he seeks to have reviewed, we are mindful of the duties of this Court as set out in Felix v. State,[1] "to consider the appeal where it is apparent from the notice of appeal, the record, the enumeration of errors, or any combination of the foregoing what errors are sought to be asserted upon appeal. OCGA § 5-6-48 (f)." (Punctuation omitted.) Id. at 538. Having done so, we find no error and affirm.

Viewed in the light most favorable to the verdict,[2] the evidence shows that on December 29, 2001, Swainsboro police were called to the Star Blazer Nightclub because a fight had broken out between two patrons. Emanuel County sheriff's deputies were called to assist in crowd control. While at the club, Deputy Josh Stephens noticed Phillips exit the nightclub. Deputy Stephens was aware that there were outstanding warrants for Phillips' arrest. Deputy Stephens alerted fellow officers of this fact, gave them a description of Phillips, and stated that Phillips was walking away from the nightclub toward Deputy Stephens. Deputies Marty Mercer and Rocky Davis backed their vehicle towards Phillips. Upon observing their actions, Phillips turned around and started walking in the opposite direction. Deputy Davis pulled his vehicle beside Phillips and asked Phillips to come over to his car. Phillips began to walk away slowly. Deputy Davis exited his vehicle and ordered Phillips to stop. Phillips ran, and a chase ensued.

[1] 271 Ga. 534 (523 SE2d 1) (1999).

[2] Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Officer Dennis Mason of the Swainsboro Police Department testified that, when Phillips ran from Deputies Mercer and Davis, he ran toward the area where he and Corporal Bryan Moore, also with the Swainsboro Police Department, were located. Officer Mason attempted to apprehend Phillips, but Phillips was able to avoid him. When Phillips reached Corporal Moore, Corporal Moore attempted to stop him by grabbing him around the waist. Phillips, still running, balled his fist and struck Corporal Moore in the mouth and nose with enough force to cause his nose to bleed and cause him to fall down. Police officers continued chasing Phillips 20 or 30 more feet. At this point, Deputy Stephens grabbed Phillips around the waist and forced him to the ground. Deputy Davis grabbed Phillips' legs. Phillips continued to fight the officers, trying to free himself. Phillips hit Deputy Stephens in the throat. It took the assistance of Deputy Mercer and Officer Mason to handcuff Phillips. After being handcuffed, Phillips continued to resist officers, struggling against their efforts to get him off the ground and into the police car; once in the police car, he kicked the door of the vehicle. *Held*:

1. There is no merit to Phillips' contention that the determination of guilt was contrary to the evidence and without evidence to support it.

> A person commits the offense of felony obstruction of a law enforcement officer when he "knowingly and willfully resists, obstructs, or opposes any law enforcement officer . . . in the lawful discharge of his official duties by offering or doing violence to the person of such officer. . . ." OCGA § 16-10-24 (b); *Jackson v. State*, 213 Ga. App. 520-521 (444 SE2d 875) (1994).

*Jones v. State*, 242 Ga. App. 357, 358 (1) (529 SE2d 644) (2000). "On appeal of a criminal conviction, the standard of review is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Citations and punctuation omitted.) *Tolliver v. State*, 243 Ga. App. 180, 181 (1) (531 SE2d 383) (2000); *Jackson v. Virginia*, supra. The indictment charged Phillips with obstruction of an officer (OCGA § 16-10-24 (b)) in that he

> unlawfully, knowingly, and willfully obstructed Cpl. Bryan Moore with the Swainsboro Police Department, a law enforcement officer in the lawful discharge of his official duties, by offering or doing violence to such officer by punching him in the mouth and nose.

Phillips argues that the evidence was insufficient because the testimony of the police officers was inconsistent. However, this argument goes to witness credibility and asks this Court to do what we are not authorized to do, which is to weigh evidence and determine witness credibility. See *Payne v. State*, 248 Ga. App. 158, 159 (1) (545 SE2d 336) (2001) (This Court "does not weigh the evidence or determine witness credibility. [Cit.] Conflicts in the evidence are for the jury to resolve. [Cit.]").

Phillips further argues that the evidence was insufficient because the officers were not in lawful discharge of their duties at the time of the alleged obstruction in that they lacked probable cause to arrest him because the simple battery re-arrest warrant was invalid. Phillips presented no evidence at trial to support this allegation. Further, the evidence at trial showed that, in addition to the re-arrest warrant, Deputy Stephens was aware that an additional warrant had been issued on December 21, 2001, for probation violation based on Phillips' failure to report. This testimony was corroborated by Probation Officer Marcus Price's testimony that Phillips failed to report to probation during the month of December 2001, and that he provided this same information to a magistrate judge to procure a warrant. The probation revocation warrant was submitted into evidence by the State. Given the existence of the outstanding valid probation warrant, the police officers had probable cause to arrest Phillips and were in lawful discharge of their official duties at the time of the obstruction, regardless of the validity of the re-arrest warrant.

Next, Phillips claims that the evidence was insufficient because the State failed to prove all of the elements of felony obstruction because Corporal Moore did not receive an injury that was documented by hospital personnel. However, actual injury to the officer is not a required element to felony obstruction of an officer. *Fricks v. State*, 210 Ga. App. 562, 563 (1) (436 SE2d 752) (1993).

Lastly, Phillips asserts that the evidence was insufficient because there was a failure on the part of the State to prove that he knew the individual that he was accused of striking was a police officer. However, at trial Phillips admitted that he saw the police officers and that he ran when he realized the police officers had recognized him because he knew there were outstanding warrants for his arrest.

Viewed in the light most favorable to the jury's verdict, the evidence in this case was sufficient to enable a rational trier of fact to find Phillips guilty beyond a reasonable doubt of the offense of obstruction (OCGA § 16-10-24 (b)) of Corporal Moore in the lawful discharge of his duties.

2. For the first time on appeal, Phillips contends that the trial judge should have recused himself from the trial of this matter

because he had previously heard the evidence during an earlier probation revocation hearing.

Motions for recusal are governed by Uniform Superior Court Rule (USCR) 25. Under USCR 25.1, all motions to recuse or disqualify a jury shall be timely filed in writing and all evidence shall be presented by accompanying affidavits which shall fully set out the facts upon which the motion is founded. Phillips did not make a written motion, and thus, his motion to recuse on such ground was waived by his failure to do so. See *Pope v. State*, 257 Ga. 32, 34-35 (2) (354 SE2d 429) (1987); *BITT Intl. Co. v. Fletcher*, 259 Ga. App. 406, 409 (5) (577 SE2d 276) (2003); *Dodson v. Dean*, 256 Ga. App. 4 (567 SE2d 348) (2002); *Barlow v. State*, 237 Ga. App. 152, 156 (3) (513 SE2d 273) (1999).

To the extent Phillips asserts that the trial judge should have recused himself sua sponte, there is no duty for a trial judge to sua sponte recuse himself absent a violation of a specific standard of OCGA § 15-1-8 or Canon 3 (E) (1) (a) through (c) of the Code of Judicial Conduct, which is not waived by a party after disclosure. *BITT Intl. Co. v. Fletcher*, supra; *Dodson v. Dean*, supra; *Pope v. State*, supra. Of the circumstances set out in these prohibitions, the only one that conceivably applies here is where "the judge has a personal bias or prejudice concerning a party or a party's lawyer." Georgia Code of Judicial Conduct Canon 3 (E) (1) (a). To merit recusal, "any alleged bias must be of such a nature and intensity to prevent the defendant from obtaining a trial uninfluenced by the court's prejudgment." (Citation and punctuation omitted.) *Vaughn v. State*, 247 Ga. App. 368, 370 (2) (543 SE2d 429) (2000). Phillips has not pointed to any evidence the trial judge had any such bias or prejudice against him, and from our examination of the record, we find none. This enumeration is without merit.

3. At trial, Phillips represented himself. Phillips contends that he was denied his right to counsel when the trial court failed to appoint him new counsel after his appointed trial counsel made inappropriate remarks while interviewing him. Phillips does not state in his brief what inappropriate remarks were made. The record shows that trial counsel made a motion to withdraw stating that Phillips planned to hire private counsel. At the hearing on the motion, Phillips stated that he was in agreement that appointed counsel be allowed to withdraw; that he wanted to hire his own counsel; and that he would serve as his own counsel until he hired new counsel. Before releasing appointed counsel, the trial court reminded Phillips that his case was currently on the trial calendar and explained to Phillips the dangers of representing himself. Phillips acknowledged that he understood the dangers, requested that his appointed counsel be allowed to withdraw, and stated that he wished to represent himself. On the face

of the indictment, Phillips signed a waiver of his right to counsel. Phillips did not mention any inappropriate statements made by appointed counsel. Nor did Phillips request at any time prior to trial that new counsel be appointed. "A defendant may waive the right to counsel only by voluntary and knowing action." (Punctuation and footnote omitted.) *Ledford v. State*, 247 Ga. App. 885, 886-887 (545 SE2d 396) (2001). This amounted to a knowing and voluntary waiver by Phillips of his right to be represented by counsel. Further, "[t]he essential aim of the Sixth Amendment is to guarantee effective assistance of counsel, not to guarantee a defendant preferred counsel or counsel with whom a 'meaningful relationship' can be established. *Wheat v. United States*, 486 U. S. 153, 159 (108 SC 1692, 100 LE2d 140) (1988); *Morris v. Slappy*, 461 U. S. 1, 13-14 (103 SC 1610, 75 LE2d 610) (1983)." *Cotton v. State*, 223 Ga. App. 288, 289-290 (2) (477 SE2d 425) (1996). We find no merit to Phillips' argument.

4. Phillips alleges that the trial court failed to rule on his demand for speedy trial and numerous discovery motions.

(a) The only demand for speedy trial in the record was dated August 16, 2002, styled with a different case number than this case, and showed the charged offense as being simple battery. At the October 7, 2002 hearing, the trial court inquired of Phillips about this demand for speedy trial. Phillips stated that he had not filed a demand for speedy trial in this case, but to the extent that the demand for speedy trial on the simple battery could be construed to be filed in this action, he waived it. On the face of the demand for speedy trial, Phillips signed a waiver of his demand for speedy trial. Phillips having affirmatively waived any demand for speedy trial, there is nothing for us to review.

(b) Immediately prior to trial, Phillips stated to the trial court that he had some discovery motions pending. In response thereto, the prosecutor stated that he had supplied Phillips with all requested discovery. Here, Phillips does not direct our attention to any documents that were not supplied to him by the State. On appeal, a party must show harm as well as error. See *Shadron v. State*, 275 Ga. 767, 771 (5) (573 SE2d 73) (2002). Because Phillips has not shown harm as a result of this alleged error, his argument is without merit.

5. Phillips alleges ineffective assistance of counsel at the motion for new trial hearing. This being the first instance for Phillips to raise such a claim, remand for an evidentiary hearing would be required if Phillips' claims cannot be resolved "as a matter of fact or law upon the existing record[.] [Cit.]" *Massingill v. State*, 240 Ga. App. 690 (2) (524 SE2d 746) (1999). Phillips claims that his counsel was ineffective in that she was unprepared having only met with him the day of the hearing; that she proceeded forward with the motion for new trial, even though she was not prepared and knew that Phillips wanted her

to request a continuance; and that she failed to file a written brief in support of his motion for new trial. Since such claims are factually based on the attorney-client relationship, we cannot resolve these claims on the record before us. Therefore, this case must be remanded for an evidentiary hearing on the ineffectiveness of motion for new trial counsel, with a right of appeal as to the trial court's ruling thereon. See *Hampton v. State*, 272 Ga. 284, 288 (10) (527 SE2d 872) (2000).

*Judgment affirmed. Case remanded for proceedings not inconsistent with this opinion. Ruffin, P. J., and Adams, J., concur.*

DECIDED JUNE 9, 2004.

Antonia Phillips, *pro se.*

Steven Askew, *District Attorney*, Mary K. Mitchell, *Assistant District Attorney*, for appellee.