## S05A0765. WHITLEY et al. v. SCHWALL.
(620 SE2d 827)

HINES, Justice.

Leon and Mary Whitley appeal from the superior court's order determining that a writ of mandamus is not available to them. Finding that the court below was correct in so ruling, we affirm.[1]

The Whitleys are the plaintiffs in a medical malpractice action filed in Fulton County State Court against a hospital and several physicians. During a hearing, the Whitleys orally moved for Judge Craig L. Schwall, Sr. to recuse himself from presiding over the case; Judge Schwall denied the motion. The Whitleys then filed a written motion "for recusal and disqualification" of Judge Schwall. Judge Schwall denied this motion also, finding that the affidavit in support thereof was legally insufficient. See Uniform Superior Court Rule 25.3. He also granted summary judgment on the merits to all defendants.

The Whitleys next sought a writ of mandamus in the Superior Court of Fulton County seeking to compel Judge Schwall to either recuse or disqualify himself, or to assign the motion requesting that he do so to another judge. The superior court, upon motion by Judge Schwall, found that the relief requested is not available to the Whitleys, noting that they could appeal the recusal order entered by Judge Schwall without the need of mandamus relief.

> Writs of mandamus and prohibition are extraordinary remedies available in limited circumstances to compel action or inaction on the part of a public officer when there is no other adequate legal remedy. [Cits.] Extraordinary writs are not the proper remedy to seek review of a ruling made by a trial court where there is a right of judicial review of the judge's ruling, because the availability of judicial review is an adequate legal remedy that eliminates the availability of mandamus relief. [Cits.]

*Ford Motor Co. v. Lawrence*, 279 Ga. 284, 285 (612 SE2d 301) (2005). The Whitleys acknowledge that they could pursue an appeal of Judge Schwall's order denying their motion to recuse, and they have represented to this Court that they have filed a notice of appeal from the final order in the state court case. See OCGA § 5-6-34 (a) (1), (d). The ability to seek judicial review of Judge Schwall's order on the motion

---

[1] The Whitleys styled their petition for relief in superior court as a "petition for writs of mandamus, injunction, and prohibition." However, the superior court's order on the petition, and the Whitleys' arguments in this Court, address only mandamus relief.

to recuse was available to the Whitleys when they sought extraordinary relief, and a writ of mandamus does not lie. See *Ford Motor Co.*, supra at 287. Compare *North Fulton Med. Center v. Roach*, 265 Ga. 125, 127 (453 SE2d 463) (1995).

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 11, 2005.

*James W. Howard, Huff, Powell & Bailey, R. Page Powell, Jr., Hall, Booth, Smith & Slover, Timothy H. Bendin, Downey & Cleveland, Russell B. Davis*, for appellants.

*Balch & Bingham, Cary Ichter, Christopher S. Anulewicz, James L. Hollis*, for appellee.