S05A2009. TURNER v. THE STATE.
(626 SE2d 86)

HUNSTEIN, Presiding Justice.

We granted interlocutory appellate review in this case to determine whether the trial court properly denied appellant Julia Lynn Turner's motion to recuse the trial judge. Finding no error, we affirm.

Turner, the defendant in a pending murder case in Forsyth County, previously was convicted of a separate murder in Cobb County. Judge Jeffery Bagley is the judge presiding over the Forsyth County proceedings. Turner filed a motion to recuse Judge Bagley, which was assigned to Senior Judge Fred Bishop for a hearing pursuant to Uniform Superior Court Rule 25.3. At the hearing, Turner's mother testified that she believed Judge Bagley was biased because he may have obtained extra-judicial knowledge about the Cobb County case in conversations he had with her and because he knew both her and Turner, as well as the victim in the Forsyth County case. Judge Bagley did not testify, instead submitting a written statement disclosing that he had a passing acquaintance with Turner but denying having any social ties or a working relationship with her. He acknowledged that he was more familiar with Turner's mother because she had worked as secretary to the late chief superior court judge who occupied the suite adjacent to his. He stated, however, that the sole sources of his knowledge about the Cobb County proceedings were newspapers and television news shows and that Turner's mother mentioned the Cobb County case to him only in passing. At the

conclusion of the hearing, Judge Bishop denied Turner's motion but issued a certificate of immediate review which this Court granted.

The Code of Judicial Conduct, Canon 3 (E) Disqualification (1), states: "Judges shall disqualify themselves in any proceeding in which their impartiality might reasonably be questioned, including but not limited to instances where: (a) the judge has a personal bias or prejudice concerning a party. " The alleged bias of the judge must be

> of such a nature and intensity to prevent the defendant from obtaining a trial uninfluenced by the court's prejudgment. To warrant disqualification of a trial judge the affidavit supporting the recusal motion must give fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment.

(Citations and punctuation omitted.) *Jones v. State,* 247 Ga. 268, 271 (4) (275 SE2d 67) (1981). To be disqualifying, the alleged bias must " 'stem from an extra-judicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case.' [Cit.]" *Carter v. State,* 246 Ga. 328, 329 (271 SE2d 475) (1980). See also *Butts v. State,* 273 Ga. 760 (3) (546 SE2d 472) (2001). "Any analysis of the necessity for recusal is necessarily fact-bound, requiring an examination of the nature and extent of any business, personal, social or political associations, and an exercise of judgment concerning just how close and how extensive (and how recent) these associations are or have been." *Sears v. State,* 262 Ga. 805, 806 (1) (426 SE2d 553) (1993).

Turner first contends that recusal is necessary because Judge Bagley may have had knowledge of the victim and because of his association with Turner and her mother. These allegations, however, are belied by the record. The record is devoid of any evidence that Judge Bagley knew the victim or had any knowledge of the circumstances surrounding his death. The record also clearly establishes that although Judge Bagley and Turner were acquainted, their acquaintance was limited to a few professional encounters while both were working in the Forsyth County Courthouse. Although the location of their respective offices caused Judge Bagley to encounter Turner's mother on a more frequent basis, this Court has not generally required recusal simply because the judge knew socially or professionally one of the parties or their attorneys. See *Sears,* supra, 262 Ga. at 805 (1) (b); *Smith v. State,* 189 Ga. App. 27 (2) (375 SE2d 69) (1988). "[K]eeping in mind the reality that any judge will have 'come to the bench after having had extensive contacts with the community,' [cit.]" *Sears,* supra, we conclude that Judge Bagley's

limited contact with Turner and her mother is not enough to call into question his impartiality in this case.

Turner also alleges that recusal was required because Judge Bagley obtained extra-judicial knowledge about the Cobb County prosecution in his conversations with Turner's mother. Judge Bagley, however, stated that any comments made by Turner's mother were made in passing and there is no allegation or evidence in the record that such comments caused Judge Bagley to have any bias or prejudice against or in favor of Turner or the State or caused him to form an opinion about Turner's guilt or innocence. Even assuming the conversations between Judge Bagley and Turner's mother took place as alleged, the evidence does not lead to the inescapable conclusion that a reasonable person would consider Judge Bagley to harbor a bias that affects his ability to be impartial. See *Kelly v. State*, 238 Ga. App. 691, 693 (1) (520 SE2d 32) (1999) (presumption that trial judge, acting as public official, faithfully and lawfully performs duties). See also *Alexander v. State*, 276 Ga. App. 288, 290 (3) (a) (623 SE2d 160) (2005) (that judge's wife was counselor at school attended by victim does not lead to inescapable conclusion that reasonable person would consider judge to be impartial or biased). Accordingly, we affirm the trial court's order denying the motion to recuse.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 30, 2006.

*Berry & Reynolds, Jimmy D. Berry, D. Victor Reynolds*, for appellant.

*Penny A. Penn, District Attorney, Jack E. Mallard, Assistant District Attorney*, for appellee.