## S07A0890. GRAY v. MANIS.
### (647 SE2d 588)

CARLEY, Justice.

Acting pro se, Charles Gray filed a pleading denominated as an "Injunction and Notice of Misprision of Racketeering," naming several Fulton County officials and others as defendants. When the case was assigned to Judge Stephanie Manis, Gray moved to recuse her on the ground that she was a material witness as to the existence of the alleged racketeering scheme. Judge Manis denied the recusal motion, and Gray then initiated this mandamus action, seeking to compel her to recuse herself from presiding over his underlying case. The mandamus action was assigned to Judge Jerry Baxter. Judge Manis moved to dismiss, and Judge Baxter granted the motion. Gray now appeals from that order of dismissal.

1. After the mandamus action was filed against Judge Manis, Gray moved to recuse Judge Baxter, and he contends that that motion was meritorious. The affidavit accompanying the recusal motion alleged that Judge Baxter was "a material witness in the instant matters." However, the only issue before Judge Baxter was the mandamus action to compel Judge Manis to recuse herself in Gray's underlying case involving an alleged racketeering scheme. The affidavit did not suggest any reason why Judge Baxter was a material witness related to whether mandamus would lie against Judge Manis. Instead, it contains rambling conclusions and opinions alleging that Judge Baxter was somehow implicated in the racketeering scheme of which Gray believed himself to be the victim.

"An affidavit is insufficient if it contains mere conclusions rather than showing facts indicating the judge's personal (rather than judicial) bias. [Cit.]" *Stevens v. Morris Communications Corp.*, 170 Ga. App. 612, 613 (317 SE2d 652) (1984). " 'To warrant disqualification of a trial judge the affidavit supporting the recusal motion must give fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment.' [Cit.]" *Turner v. State*, 280 Ga. 174, 175 (626 SE2d 86) (2006). An affidavit "which stated no facts and merely accused the trial court of bias, [is] legally insufficient to necessitate a hearing on the motion. [Cits.]" *Jarallah v. Pickett Suite Hotel*, 193 Ga. App. 325, 327 (3) (388 SE2d 333) (1989). See also *Stephens v. Ivey*, 212 Ga. App. 407, 408 (2) (442 SE2d 248) (1994). A

recusal motion supported by an affidavit containing completely unsubstantiated allegations of judicial bias cannot be used as a tool "for delay and to judge shop. [Cit.]" *Baptiste v. State*, 229 Ga. App. 691, 697 (1) (494 SE2d 530) (1997).

> In determining the sufficiency of the affidavit, a trial judge must bear in mind that "it is as much the duty of a judge not to grant the motion to recuse when the motion is legally insufficient as it is to recuse when the motion is meritorious; nor does the simple filing of an affidavit automatically disqualify a judge." [Cits.]

*Alexander v. State*, 276 Ga. App. 288, 291 (3) (a) (623 SE2d 160) (2005). Because the motion to recuse was clearly insufficient on its face, Judge Baxter correctly concluded that it should be denied summarily without any need to assign it for a hearing before another judge. See *Dodson v. Dean*, 256 Ga. App. 4, 6 (567 SE2d 348) (2002).

2. The proper remedy for challenging Judge Manis' denial of the motion to recuse herself was an appeal, not a mandamus action against her. *Whitley v. Schwall*, 279 Ga. 726 (620 SE2d 827) (2005). Therefore, Judge Baxter properly dismissed this case.

3. Gray also contends that Judge Baxter erred in failing to grant the motion to transfer his underlying action to a venue other than Fulton County. However, the only issue before Judge Baxter was the mandamus action against Judge Manis. Transfer of Gray's action alleging a racketeering scheme was a matter for disposition by Judge Manis, before whom that action was and apparently is pending.

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 13, 2007 —
RECONSIDERATION DENIED JULY 26, 2007.

Charles Gray, *pro se.*
*Thurbert E. Baker, Attorney General, Alfred L. Evans, Jr., Calandra A. Almond, Assistant Attorneys General*, for appellee.