297 Ga. 115
FINAL COPY

S15A0532. GOLDMAN v. JOHNSON.

BLACKWELL, Justice.

Sylvia Goldman filed a lawsuit against Greenforest Baptist Church, and Judge Courtney L. Johnson was assigned to preside over her lawsuit. Unhappy with that assignment, Goldman filed several motions to disqualify Judge Johnson, but her motions were denied. Goldman never has appealed from the denial of her motions in the Greenforest case to disqualify Judge Johnson. Instead, Goldman commenced a separate proceeding against Judge Johnson, seeking a writ of mandamus to remove Judge Johnson from presiding in the Greenforest case. The petition for a writ of mandamus was denied, and Goldman now appeals from that denial. We affirm.

The writ of mandamus affords relief only to the extent that no other legal remedy is available. See OCGA § 9-6-20. If, as Goldman contends, Judge Johnson should have been disqualified from presiding in the Greenforest case, Goldman always could have appealed the denial of her motions in that case to disqualify. As we have explained before, "[e]xtraordinary writs like the writ of mandamus . . . are not the proper remedy to seek review of a ruling made by a

trial court where there is a right of judicial review of the judge's ruling, because the availability of judicial review is an adequate legal remedy that eliminates the availability of mandamus relief." Gilbert v. Pridgen, 291 Ga. 159, 159 (728 SE2d 548) (2012) (citation and punctuation omitted). Because Goldman had an adequate legal remedy, but she has chosen not to pursue it, she can find no remedy in mandamus. See Whitley v. Schwall, 279 Ga. 726, 726-727 (620 SE2d 827) (2005) ("[t]he ability to seek judicial review of Judge Schwall's order on the motion to recuse was available to the Whitleys when they sought extraordinary relief, and a writ of mandamus does not lie"); Gray v. Manis, 282 Ga. 336, 337 (2) (647 SE2d 588) (2007) ("[t]he proper remedy for challenging Judge Manis' denial of the motion to recuse herself was an appeal, not a mandamus action against her").[1] Accordingly, there was no error in the denial of her petition for a writ of mandamus.

Judgment affirmed. All the Justices concur.

---

[1] Goldman argues that she was entitled to have a jury hear her petition for a writ of mandamus. But OCGA § 9-6-27 (b) plainly provides that, if a petition for a writ of mandamus does not require the resolution of any issues of fact, the petition "shall be heard and determined by the court without the intervention of a jury." No matter what facts Goldman might be able to prove at a trial, her petition still would fail because she had another legal remedy for the denial of her motions to disqualify Judge Johnson. For that reason, her petition did not require the resolution of any issues of fact, and the mandamus court properly denied the petition without a trial by jury.

2

Decided May 11, 2105.

Mandamus. DeKalb Superior Court. Before Judge Adams.

Goldman & Donnelly, Sylvia Goldman, Mary Ann Donnelly, for appellant.

Sameul S. Olens, Attorney General, Dennis R. Dunn, Deputy Attorney General, Julia B. Anderson, Stefan E. Ritter, Senior Assistant Attorneys General, for appellee.